198 So. 156

## TAYLOR v. STATE.

### 3 Div. 826.

Court of Appeals of Alabama.

June 11, 1940.

Rehearing Denied June 29, 1940.

Norman T. Spann and Miles S. Hall, both of Montgomery, for appellant.

Thos. S. Lawson, Atty. Gen., and Francis M. Kohn, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense denounced by Act of the Legislature of Alabama approved September 6, 1927, Gen.Acts Ala.Reg.Session 1927, p. 704, in that, according to the evidence, he did transport, in a quantity of more than five gallons, "illegally manufactured alcoholic beverages." Section 51, Alabama Beverage Control Act, Gen. and Local Acts Ala. Extra Session 1936–37, pp. 40, 83.

Nothing new or novel is presented. The State's testimony was ample to support the charge against appellant. His testimony, including that of his witnesses, merely served to make the issue of his guilt vel non one for the jury's decision.

Appellant is represented here, as he appears to have been, below, by able counsel. They have furnished us with an excellent brief, in which they set forth a number of general principles governing such prosecutions—with adequate citation of authorities, and they discuss, interestingly, as related to the instant appeal, these general principles.

But our duties are appellate, only. Unless an exception is reserved, or presumed, to some ruling by the nisi prius court infected with error prejudicial to appellant's rights, there is nothing for us to do.

Here, we have searched the record for error, in the light of the aforementioned brief filed on appellant's behalf, but we find no such ruling.

Appellant's counsel, it is true, stress in their argument the harmful effect upon their client of a series of acerbities pointed in his direction by the astute Solicitor who prosecuted for the State in the Circuit Court.

But if it could be said—though we do not say it—that the accumulated effect, or cumulative effect, of these various quips of causticity directed at appellant, on his trial, created an atmosphere unfairly hostile to him, the only way that we can see that appellant might have had redress would have been by a motion to set aside the verdict of the jury and grant him a new trial.

He made such motion; but the exception to the action of the court in overruling it is not incorporated in the bill of exceptions so as to give us the right of review.

The judgment is affirmed.

Affirmed.